UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EDWIN ABBEY,

       Petitioner,

                                   CASE NO. 09-cv-14663

v.                                HONORABLE VICTORIA A. ROBERTS

NICK LUDWICK,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Mark Edwin Abbey filed a habeas corpus petition on December 1, 2009. The pleading challenges Petitioner's plea-based convictions obtained in Muskegon County, Michigan. Petitioner alleges that the trial court erred when it denied his motion to withdraw his no contest plea, and that he is entitled to resentencing because the sentencing guidelines were mis-scored. The first claim lacks merit, and the second claim is not cognizable on habeas corpus review.

The Court denies the habeas corpus petition.

### I. Background

On June 19, 2008, Petitioner pleaded no contest in case number 08-55819 to child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4), and accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a. In case number 08-55879, Petitioner pleaded no contest to third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a)

(sexual penetration of a person who is thirteen, fourteen, or fifteen years old).  In both cases, Petitioner pleaded guilty to being a habitual offender, third offense.

As part of the plea bargain, the prosecutor agreed not to charge Petitioner with additional counts of possession of child sexually abusive material, and the trial court agreed to sentence Petitioner within the sentencing guideline range.  There was no agreement on what the guidelines were.

At sentencing on July 7, 2008, Petitioner moved to withdraw his pleas on the ground that he did not understand he was pleading no contest to the charges.  He also informed the trial court that his attorney had not helped him with anything, would not talk to him about his case, and did not know how to present his case to the court.  When the trial court indicated that it was denying Petitioner's motion and that the court intended to proceed with the sentencing, Petitioner stated that he wanted his attorney to continue to represent him. The trial court sentenced Petitioner as a habitual offender to imprisonment as follows: fifteen to forty years for child sexually abusive activity; four to eight years for possession of child sexually abusive material and for accosting a child for immoral purposes; and seventeen and one-half to thirty years for third-degree criminal sexual conduct.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  *See People v. Abbey*, No. 287611 (Mich. Ct. App. Oct. 8, 2008) (unpublished).  On February 24, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Abbey*, 483 Mich. 896 (2009) (table).

Petitioner filed his habeas corpus petition in this Court on December 1, 2009.  He claims that (1) the trial court should have granted his motion to withdraw his plea because

2

his plea was not understandingly made and (2) he is entitled to re-sentencing because the statutory sentencing guidelines were mis-scored.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II).   A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's claims in one-sentence orders.  The Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be

3

met by showing there was no reasonable basis of the state court to deny relief." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 784 (2011). To obtain the writ of habeas corpus, the petitioner must show that the state court's decision was "so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III. Discussion

### A. Denial of the Motion to Withdraw the Plea

The first habeas claim alleges that Petitioner's plea was not understandingly made and, therefore, the trial court erred by denying Petitioner's motion to withdraw his plea. Petitioner claims that his plea was made without understanding because he and his attorney did not communicate with each other.

A defendant has no constitutional right to withdraw a knowing and voluntary guilty or no contest plea. *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990) (citing *Siers v. Ryan*, 773 F. 2d 37 (3d Cir. 1985)); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D. N.Y. 1978). But because a guilty plea involves a waiver of constitutional rights, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970); *Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008). The defendant must appreciate the consequences of his plea, waive his rights without coercion, and understand the rights that he is surrendering. *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 3322 (2010).

The charges and plea agreement were stated on the record at Petitioner's plea

proceeding.  As the trial court read each charge, Petitioner assured the court that he understood the charges.

The trial court also advised Petitioner of the constitutional rights which he was waiving by pleading no contest.  The court specifically mentioned the right to a trial with or without a jury, the right to confront one's accusers, the right to cross-examine witnesses, the right to have compulsory process for obtaining witnesses, and the right to remain silent without having any unfavorable inferences drawn from his silence.  Petitioner stated that he understood what it meant to waive a constitutional right and that he was giving up his rights by pleading no contest.  He also claimed to understand that his options were to plead guilty, not guilty, or no contest and that he could also stand mute to the charges.  He then pleaded guilty to the habitual offender charges and no contest to the other charges.  He stated that nobody had threatened him or promised him anything beyond the terms of the plea agreement to make him plead no contest.

Significantly, Petitioner stated that his attorney had advised him of his constitutional rights and the elements of the charges against him.  He also said that he had a chance to talk with his attorney and that it was his own free choice to enter his pleas.

The trial court determined at the conclusion of the proceeding that Petitioner's pleas were voluntary and were made with understanding.  The record supports this conclusion, particularly in light of Petitioner's criminal history, which included pleading guilty to an offense in 1975, 1976, and in 1992.   In the prosecutor's words, Petitioner obviously was "an experienced individual who knows the system."  (Tr. July l7, 2008, at 3.)  He has no right to habeas relief on the basis of his claim that his pleas were unknowing and that the trial court erred by denying his motion to withdraw his pleas.

5

**B.  The Sentence**

The final habeas claim alleges that Petitioner is entitled to re-sentencing because three offense variables of the sentencing guidelines were mis-scored and the error affected the sentencing guideline range.  Offense variable 4 was scored ten points for serious psychological injury to a victim.  Petitioner contends that there was no evidence to support the score of ten points.

Offense variable 10 (exploitation of a victim's vulnerability) was scored fifteen points, and offense variable 11 (criminal sexual penetration) was scored twenty-five points.  Petitioner maintains that he never admitted to the facts supporting these variables and was not found guilty of the elements making up these variables.  Consequently, he claims that, under *Blakely v. Washington*, 542 U.S. 296 (2004), he should not have been assessed any points for offense variables 10 and 11.

The contention that the sentencing guidelines were incorrectly scored lacks merit because a state court's interpretation and application of its sentencing laws and guidelines is a matter of state concern only.  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)(citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988)).  "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Rose v. Hodges*, 423 U.S. 19, 21-22 (1975) (*per curiam*)).  Therefore, Petitioner's challenge to the scoring of the Michigan sentencing guidelines is not a cognizable claim on habeas corpus review.  *Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007);  *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

6

To the extent that Petitioner has raised a constitutional claim, his claim is based on the Sixth Amendment right to a jury trial, as interpreted by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely*, 542 U.S. at 296. Petitioner alleges that his sentence was based on facts that he did not admit and that were not determined by a jury beyond a reasonable doubt.

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Unlike the determinate sentencing scheme at issue in *Blakely*, Michigan has an indeterminate sentencing scheme in which "[t]he maximum penalty is set by statute, but the minimum penalty is determined by the sentencing court and must fall within a mandated guidelines range. " *Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010) (citing *People v. Drohan*, 475 Mich. 140 (2006)). Because the sentencing scheme in Michigan is indeterminate, the procedures used to determine Petitioner's minimum sentence under the Michigan sentencing guidelines did not violate his right to due process or his right to a jury trial. *Id.* at 497; *see also Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (stating that "*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum"), *cert. denied*, __ U.S. __, 130 S. Ct. 3413 (2010). Thus, Petitioner's *Blakley* claim lacks

7

merit.

## IV.  Conclusion

Petitioner's pleas were understandingly made, and his sentence does not violate the Constitution.  Thus, the state courts' rejection of Petitioner's claims were not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.  There was a reasonable basis for the state court to deny relief.  This Court therefore **DENIES** the petition for a writ of habeas corpus [dkt. #1].

## V.  Denial of a Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Reasonable jurists would not disagree with the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court declines to issue a certificate of appealability on Petitioner's claims.  Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because this Court granted him *in forma pauperis* status when he filed his habeas petition.  Fed. R. App. P. 24(a)(3).

8

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 30, 2011

The undersigned certifies that a copy of this
document was served on the attorneys of
record and Mark Abbey by electronic means
or U.S. Mail on December 30, 2011.

s/Carol A. Pinegar
Deputy Clerk